UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HSING CHEN, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT  1:14-cv-02652 |
| STELLAR RECOVERY, INC., a Florida Corporation, | JURY TRIAL DEMANDED |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, HSING CHEN ("Chen"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, STELLAR RECOVERY, INC., A Florida Corporation (referred to as "Defendants"), as follows:

**NATURE OF THE ACTION**

1. This is an action by a consumer to secure redress from unlawful credit and collection practices engaged in by Defendant. Chen alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e, and 1692f.

1

## JURISDICTION AND VENUE

3. This action arises under, and is brought pursuant to, the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337, as this action arises under the laws of the United States, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

4. Venue and personal jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Defendants transact business in the Northern District of Illinois and Defendants' collection communications and practices impacted Chen within the Northern District of Illinois.

## DEBT BUYER INDUSTRY
### (FEDERAL TRADE COMMISSION REPORT - JANUARY, 2013)

5. In recent years, the Federal Trade Commission (FTC) has placed significant focus on consumer protection related to debt collection.

6. From 1977 through 2011, the FTC was the federal agency empowered to administer and enforce the FDCPA.

7. In 2011, Congress transferred FTC's role with the FDCPA to the Consumer Financial Protection Bureau (CFPB).

8. Today, both the FTC and the CFPB enforce the FDCPA.

9. The FDCPA applies to debt buyers that purchase accounts in Default. *See* Federal Trade Commission, The Structure and Practices of the Debt Buying Industry, January 2013, available at http://www.ftc.gov/reports/structure-practices-debt-buying-industry (last visited March 5, 2014)(FTC Debt Buyer Report).

10. Debt buyers typically enter into purchase and sale agreements with either the original creditor or another debt buyer who is selling some of its inventory. *Id.* at 24.

11. In many of the purchase and sale agreements, sellers disclaimed all warrantees and representations regarding the accuracy of the information they provided at the time of the sale of individual debts. *Id*. at 25.

12. Purchase and Sale Agreements for debt portfolios typically put limitations on the rights of Debt Buyers to acquire copies of documents. *Id.* at 26.

13. Debt Buyers receive three types of documents at the time of purchase: 6% receive account statements, 6% receive "terms and conditions" and 1% receive applications. *Id*. at 35.

14. Debt Buyers can purchase additional documentation in 10-25% of the files. *Id.* at 40.

15. The FTC is continuing its investigation into debt buyers, for it feels there is cause for concern regarding the collection practices and information accuracy involved in this industry. *Id.* at 49.

## PARTIES

16. Chen is a natural person residing at 2351 Trowbridge Way, Lisle, Illinois 60532.

17. Chen is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

18. Defendant Stellar Recovery, Inc. ("Stellar") is a corporation organized under Florida law with a place of business located at 1327 Highway 2 West, Suite 100, Kalispell, MT 59901 and another at 4500 Salisbury Road Suite 105, Jacksonville, Florida 32216. Stellar conducts and transacts business in Illinois. Stellar's Illinois registered agent is Business Filings Incorporated, 600 S. Second Street, Suite 103, Springfield, Illinois 627034.

19. Stellar is in the business of taking title or claiming to take title to charged-off debts allegedly owned by consumers and originally owed to others and seeking to collect on the debts.

20. Most of the debts which Stellar seeks to collect are credit cards originally issued by banks. Stellar then seeks to enforce the debts against the consumers through lawsuits.

21. The mails and telephone system are used in connection with the prosecution of the Stellar lawsuits.

22. Stellar is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

23. Stellar is a collection agency. It both owns debts and acts as a collection agency.

24. Stellar secures funds from investors and lenders for the purpose of purchasing the debts to which Stellar claims to takes title.

25. Stellar also makes decisions concerning the types, sources of, and prices of debts acquired.

26. Stellar participated in the debt collection activities complained of in this case.

## STATEMENT OF FACTS

27. Defendant has been attempting to collect from Chen a debt alleged to have been originally owned by HSBC Bank, N.A., claimed to have been incurred for personal, family, or household purposes; not for business purposes. *See* Exhibit A, a true and correct copy of part of the Sale/Purchase documents.

28. On October 11, 2013, Stellar filed a complaint in the Circuit Court of Cook County, Illinois against Chen. The case was captioned Stellar Recovery, Inc. v. Hsing Chen, case number 2013 SC 5343 ("Collection Case"). *See* Exhibit B, a true and correct copy of the October 11, 2013 complaint ("Stellar's Complaint").

29. Stellar's Complaint alleges that it had purchased a debt of Chen's from HSBC Bank, N.A. *See* Exhibit B. at ¶3 and Affidavit of Garret Schanck, CEO.

30. Stellar's Complaint alleges that Chen owed Stellar the sum of $2,019.87. *See* Exhibit B.

31. Stellar's Complaint is solely supported by the affidavit of Garret Schanck, ("Schanck's Affidavit"), CEO of Stellar. *See* Exhibit B.

32. Schanck's Affidavit indicates that she reviewed Stellar's business records before executing the affidavit. *See* Exhibit B.

33. Schanck's Affidavit alleges that Stellar's records reflect the following pieces of information:

 a. A balance due of $2,021.45 as of November 12, 2012;

 b. That Chen opened an account with HSBC Bank, N.A.; and

 c. That Chen's last payment was credited. *See* Exhibit B.

34. If Stellar's records contain this information, it is because that information was communicated to Stellar.

35. Schanck's Affidavit does not refer to the contents of Stellar's business records because Stellar does not have any business records that show any of the information listed in ¶22 above.

36. Stellar receives only a computerized summary of the creditor's business records when it purchases a debt portfolio. Debt sales are typically "as-is," with limited or no ability to obtain additional information from the original creditor.

37. Stellar has a standard agreement for the sale of debt receivables. On Information and belief the Account Purchase Agreement states that the accounts being sold by HSBC Bank,

5

N.A., HSBC Bank Nevada, N.A. and/or HSBC Receivables Acquisition Corporation (USA) IV to Stellar are sold "as-is."

38. Stellar relied on the information that it obtained from HSBC Bank, N.A., HSBC Bank Nevada, N.A. and/or HSBC Receivables Acquisition Corporation (USA) IV when it filed the Collection Case.

39. However, it is clear that Stellar had absolutely no assurance that the information it received was accurate because HSBC Bank, N.A., HSBC Bank Nevada, N.A. and/or HSBC Receivables Acquisition Corporation (USA) IV sells its debts to Stellar in "as-is" condition.

40. Since the debts purportedly acquired by Stellar are sold as-is, with no warranty as to the accuracy of the debts, Schanck's Affidavit is insufficient as a matter of law.

41. A document is not admissible as a "business record" under Illinois law if "the source of information or the method or circumstances of preparation indicate lack of trustworthiness …" Illinois R. Evid. 803(6).

42. Stellar seeks to collect debts without any verification or warranty as to the accuracy of the original account information. The information purportedly reviewed by Schanck cannot possibly qualify as a business record under Illinois law.

43. As part of its general business practices, Stellar tries to avoid producing its agreements for the purchase and sale of debts in collection actions. Where the consumer appears to be familiar with such agreements, or retains counsel that displays such familiarity, Stellar usually voluntarily dismisses its collection action.

44. Chen, through her attorneys, filed an appearance in the Collection Case and the case was set on the trial call for January 8, 2014.

45. Stellar voluntarily dismissed the Collection Case on the date of trial. *See* Exhibit C, true and correct copy of the Collection Case order entered on January 8, 2014.

46. It can be reasonably inferred that Stellar voluntarily dismissed the Collection Case because Stellar knew that it could not demonstrate the accuracy of the information contained in its complaint.

47. By operation of law, Stellar has one year or until the statute of limitations expires, whichever is longer, to re-file its case against Chen.

48. Chen is left to wonder when or if she will be served with another summons containing another deceptive affidavit.

49. This uncertainty has caused Chen significant stress and emotional distress.

50. Chen was harmed by Defendant's unfair and deceptive practices because she had to spend time and energy defending against Stellar's frivolous lawsuit.

51. Chen was further harmed by Defendant's unfair and deceptive practices, as she incurred costs defending against Stellar's frivolous lawsuit, including retaining counsel.

52. The purpose of an affidavit such as the one in Exhibit B is to deceive debtors into believing that Stellar can prove the case at trial.

53. By submitting to the consumer an affidavit like the one in Exhibit B, while concealing documents in which the alleged account seller effectively disclaims the accuracy of its records and information, Stellar perpetrates a fraud on the consumer.

54. It is the policy and practice of Stellar to serve consumers with affidavits like the one in Exhibit B, even though the purchase and sale agreement contains disclaimers such as those quoted above.

## COUNT I - VIOLATION OF FDCPA

55. Chen repeats and realleges paragraphs 1 through 54 as though fully set forth herein.

56. Stellar violated 15 U.S.C. §§1692e(2) and 1692e(10) by filing the Collection Case based on unverified account information.

57. The Collection Case was an attempt to collect a debt.

58. The Stellar Complaint is inherently deceptive, false, and misleading because it is based on unverified information that Stellar acquired "as-is."

59. Stellar was aware at the time that it purchased the data that the data was being sold "as-is" and that it could not verify the accuracy of the data.

60. Nevertheless, Stellar filed the Collection Case in order to induce Chen to pay the money that Stellar alleged was owed.

61. Stellar's Complaint is a material violation of the FDCPA because Stellar effectively represents to consumers that it can prove ownership of the alleged debt when it cannot.

62. It is Stellar's regular business practice to file claims against consumers even though it cannot verify the data in its complaints.

63. As pled above, Chen was harmed by Stellar's unfair and deceptive practices.

64. Stellar is therefore entitled to an award of statutory damages, actual damages, and legal fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, HSING CHEN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. ordering the deletion of all adverse credit reporting related to the alleged debt;

d. awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT ("ICFA")

65. Chen restates and realleges paragraphs 1 through 54 as though fully set forth herein.

66. Stellar violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its efforts to collect an unverified debt from Chen.

67. The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact … in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

68. Chen is a consumer as defined by ICFA, 815 ILCS 505/1(e).

69. Defendant's attempt to collect a debt is part of the conduct of any trade or commerce as defined by ICFA, 815 ILCS 505/1(f).

70. The Collection Case and the related Stellar Complaint and Schanck Affidavit represent the use of deception, fraud and false pretense in an attempt to collect an unverified debt.

71. Defendant intended that Chen rely on its misrepresentations.

72. ICFA further states:

> Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a.

73. Chen was harmed by Defendant's unfair and deceptive practices because she had to spend time and energy defending against Stellar's frivolous lawsuit.

74. Chen was further harmed by Defendant's unfair and deceptive practices as she incurred costs by retaining counsel to defend against the frivolous lawsuit.

75. Chen was also exposed to significant emotional strain as a result of the Defendant's unfair and deceptive business practices.

76. Moreover, upon information and belief, these unfair and deceptive practices are part of a pattern and practice of behavior in which the Defendant routinely engages as part of its business model.

77. An award of punitive damages is appropriate because Defendants' conduct described above was willful and wanton, and showed a reckless disregard for the protections afforded by ICFA, and Chen's rights thereunder.

78. As such, Chen is entitled to relief pursuant to 815 ILCS 505/10a.

WHEREFORE, Plaintiff, HSING CHEN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a.  declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.  awarding Plaintiff actual damages and punitive damages, in an amount to be determined at trial, for the underlying violations;

    c.  ordering the deletion of all adverse credit reporting related to the alleged debt;

    d.  awarding the Plaintiff's costs and reasonable attorney fees; and

    e.  awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 12, 2014                          Respectfully Submitted,

                                                    /s/ Penelope N. Bach
                                                    Penelope N. Bach, Esq., ARDC#6284659
                                                    Counsel for Plaintiff
                                                    Sulaiman Law Group, LTD
                                                    900 Jorie Blvd, Ste 150
                                                    Oak Brook, IL 60523
                                                    Phone (630)575-8181
                                                    Fax: (630)575-8188